UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-6908-ODW (SK) | Date | August 30, 2021 |
|---|---|---|---|
| Title | Timothy Orlando Potts v. Teresa Cisneros | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge | |
|---|---|---|
| Connie Chung | | n/a |
| Deputy Clerk | | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In August 2021, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions and sentence for inflicting corporal injury and attempting to dissuade a witness. (ECF 1 at 2). On its face, the petition appears untimely.[1] *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public dockets for state court proceedings).

After Petitioner's unsuccessful appeal to the California Court of Appeal (Case No. 290757), the California Supreme Court denied review in July 2019 (Case No. S255664). (ECF 1 at 3). Because Petitioner evidently filed no petition for writ of certiorari in the United States Supreme Court (ECF 1 at 5), his convictions became final 90 days later in October 2019. *See* 28 U.S.C. § 2101; *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). From then, without any statutory or equitable tolling, Petitioner had one year—until October 2020—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available, however, because Petitioner evidently filed no state habeas petitions. *See* 28 U.S.C. § 2244(d)(2). Nor does any basis for equitable tolling appear on the face of the petition, which is Petitioner's burden to prove. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Wednesday, September 29, 2021** why the Court should not dismiss the petition as untimely. **If Petitioner files no timely response to this order, this action may be involuntarily dismissed for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If

---

[1] In October 2020, Petitioner filed a letter requesting an extension of time to file a petition but no underlying petition. (*See* Case No. 2:20-cv-10008, ECF 1). That action had to be dismissed because the Court has no jurisdiction to address habeas claims without an actual petition. (*Id.*, ECF 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-6908-ODW (SK) | Date | August 30, 2021 |
|---|---|---|---|
| Title | Timothy Orlando Potts v. Teresa Cisneros | | |

Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a Voluntary Notice of Dismissal on the attached Form CV-09.

**IT IS SO ORDERED.**